IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:12-CV-70-BO

| | |
|---|---|
| N.H., a minor, by ANTOINETTE HOLLOMAN EURE, Guardian Ad Litem, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, *Acting Commissioner of Social Security*, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | O R D E R |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on November 21, 2013, at Elizabeth City, North Carolina. For the reasons discussed below, this matter is remanded to the Commissioner for further proceedings.

## BACKGROUND

Plaintiff, a minor, by and through her guardian ad litem, brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of Commissioner denying her claim for Supplemental Security Income (SSI) pursuant to Title XVI of the Social Security Act. Plaintiff protectively applied for SSI on April 29, 2009, alleging an onset date of February 1, 2005. After her claims were initially denied, an Administrative Law Judge (ALJ) held a video-hearing at which plaintiff, her mother, and a non-attorney representative appeared. After considering the claim de novo, the ALJ issued a decision finding that plaintiff was not disabled since her application date. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on August 7, 2012. Plaintiff then timely sought review of the

Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

"An individual under the age of 18 shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). In this case, although the ALJ correctly followed the three-step evaluation process for assessing childhood disability claims, his finding at step three is not supported by substantial evidence.[1]

The ALJ summarily found that plaintiff's epilepsy did not meet the listing criteria for Listing 111.03, nonconvulsive epilepsy, which requires, in a child with an established seizure disorder, the

---

[1] The ALJ began by finding that plaintiff had not engaged in substantial gainful activity since the date of her application or the alleged onset date of disability (step one). Next, the ALJ found that plaintiff had severe impairments, namely attention deficit hyperactivity disorder and primary generalized epilepsy which caused more than minimal limitations (step two). Finally, the ALJ concluded that plaintiff's impairments did not meet or functionally equal a listing, thereby precluding a finding of disability (step three).

2

occurrence of more than one minor motor seizure per week, with alteration of awareness or loss of consciousness, despite at least three months of treatment. The ALJ did not explain his basis for his finding that plaintiff's epilepsy did not meet Listing 111.03, Tr. 25, making it impossible for the Court to conduct meaningful review. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986); *Hammond v. Heckler*, 765 F.2d 424, 426 (1985)("duty of explanation is always an important aspect of the administrative charge."). Moreover, as noted by plaintiff, plaintiff was diagnosed with "primary generalized epilepsy including absence seizures." Tr. 381. An absence seizure is characterized by impaired awareness and involves a brief and sudden lapse in consciousness. STEDMAN'S MEDICAL DICTIONARY 1743 (28th ed. 2006); *Brooke v. Astrue*, No. 11-3028, 2012 WL 2923176 *3 n.3 (W.D.Ark. July 18, 2012). Thus, contrary to the Commissioner's assertion, the very type of seizures from which plaintiff suffers necessarily include some alteration of awareness or loss of consciousness.

Though the Commissioner in her brief draws several conclusions from the records regarding the frequency of these seizures, this Court can not base its review of the ALJ's decision on the post-hoc rationalizations of the Commissioner. *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) (finding it inappropriate to "create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself."). Rather, in light of the ambiguities in the evidence and the ALJ's complete lack of explanation as to why he found that Listing 111.03 was not met or equaled, a remand of this matter is not only appropriate but required. *Radford v. Colvin*, 734 F.3d 288, 295-296 (4th Cir. 2013).

## CONCLUSION

Accordingly, for the reasons discussed above, plaintiff's motion for judgment on the

pleadings [DE 29] is GRANTED, defendant's motion for judgment on the pleadings [DE 32] is DENIED, and this matter is REMANDED to the Commissioner for further consideration consistent with the foregoing. On remand the ALJ is to specifically address whether plaintiff's seizure disorder meets or equals Listing 111.03 and fully explain his basis for so finding.

SO ORDERED, this __6__ day of December, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4